IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                                    CRIMINAL NO. 3:06CR176-D

ALLEN CHARLES McKINNEY

<u>OPINION GRANTING MOTION TO SUPPRESS</u>

On November 1, 2007, the court heard testimony and oral argument in this case addressing the Defendant's motion to suppress. Upon due consideration, the court finds that the motion should be granted and the subject evidence suppressed.

*A. Factual Summary*

At trial, the Government wishes to introduce evidence of the contents of a home security box found at a residence, 413 Redbud Street in Oakland, Mississippi, after a domestic disturbance call was placed from a nearby residence[1] to police. The contents of the box included marijuana, cocaine base, and a .22 caliber pistol. The Defendant has filed a motion to suppress the introduction of the contents of the box, stating that it was discovered during a warrantless search of the subject residence without justification.

On June 2, 2005, members of the Yalobusha County Sheriff's Department were dispatched on a domestic disturbance call involving the Defendant and his stepfather, the two of whom had been involved in an outdoor physical altercation. Upon arriving at 374 Redbud Street, the officers discovered that the Defendant's step-father was being taken to the hospital (where he was released not long afterwards) by the Defendant's mother. The officers also discovered that the Defendant,

---

[1]The subject call was placed from the Defendant's mother's residence at 374 Redbud Street, which is down the street from the Defendant's residence at 413 Redbud Street.

who was intoxicated, had gone into his residence at 413 Redbud Street. The Defendant voluntarily exited his residence and was himself transported to the hospital for treatment of a cut on his hand. The officers then, without a warrant, performed a search of the Defendant's residence at 413 Redbud Street. The officers noticed (they allege in plain view) a home security box in the kitchen from which they noticed the smell of marijuana and upon which they noticed marijuana residue. The officers then sought a search warrant to open the box based upon the odor and residue. A search warrant for the box was issued and executed, with the officers finding the subject drugs in the box. The Defendant moves to suppress this evidence, asserting that the search of his residence at 413 Redbud Street violated the Fourth Amendment.

### B. *Standard of Review*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. When, as the case is here, a warrantless search or seizure is challenged, the government bears the burden of establishing its validity by a preponderance of the evidence. U.S. v. Matlock, 415 U.S. 164, 178 n.14, 94 S.Ct. 988, 996, 39 L. Ed. 2d 242 (1974) (the burden of proof at suppression hearing should be no greater than proof by a preponderance of the evidence); U.S. v. Wallen, 388 F.3d 161, 164 (5th Cir. 2004) (warrantless searches are presumptively unreasonable).

While a search warrant is typically required before officers can search a person's home, warrantless searches are permitted when certain narrowly defined exigencies are present; these exigencies include the possibility that evidence will be removed or destroyed, elimination of any immediate safety risks to officers or others, and when firearms are present. See, e.g., United States v. Blount, 123 F.3d 831, 837 (5th Cir. 1997) (holding that "[e]xigent circumstances generally exist where there is a risk that the officers or innocent bystanders will be endangered, or that evidence will be destroyed."); United States v. Howard, 106 F.3d 70, 75 (5th Cir. 1997); United States v. Mendoza-

Burciaga, 981 F.2d 192, 196 (5th Cir. 1992). In determining whether exigent circumstances exist, the Fifth Circuit has instructed courts to apply the following list of factors:

    (1)    the degree of urgency involved and the amount of time necessary to obtain a warrant;

    (2)    the reasonable belief that contraband is about to be removed;

    (3)    the possibility of danger to the police officers guarding the site of contraband while a search warrant is sought;

    (4)    information indicating that the possessors of the contraband are aware that the police are on their trail; and

    (5)    the ready destructibility of the contraband and the knowledge that efforts to dispose of it and to escape are characteristic behavior of persons engaged in the contraband traffic.

United States v. Gomez-Moreno, 479 F.3d 350, 354-55 (5th Cir. 2007). In addition, in determining exigency, the court considers "the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." United States v. Rodea, 102 F.3d 1401, 1405 (5th Cir. 1996).

*C. Discussion*

The Defendant challenges the warrantless entry of the officers into the subject residence. No evidence was presented at the hearing of this matter that the officers were granted consent to enter the home in response to the domestic disturbance call that emanated from the Defendant's mother's nearby home at 374 Redbud Street. The undisputed evidence, rather, indicates that the Defendant voluntarily left the subject home at 413 Redbud Street upon being asked to do so by the officers and was willingly transported to the hospital.

In addition, there is no evidence in the record that exigent circumstances existed that would permit the officers to make a protective sweep of the home. Indeed, the only exigent circumstance that the government alleges existed was that the 911 call placed by the Defendant's mother reported

that a firearm was present at the scene. No report of gunshots, or indeed of a weapon at all, however, were made in the Defendant's mother's 911 call regarding the incident and in her undisputed testimony she denied making such a statement. Instead, a simple outdoor physical fight (the evidence demonstrated that no fighting occurred inside the home) in which the Defendant apparently rammed his head into his stepfather's shoulder was reported. When officers arrived, the Defendant willingly left his residence and accompanied officers to the hospital. Thus, in accordance with the above-cited authorities, the court finds that the government has failed to establish that exigent circumstances existed; as such, there were no grounds for entry into or for a warrantless search of the subject home. There was simply no evidence presented at the hearing of this matter that indicates the presence of any exigent circumstances sufficient to justify the officers' warrantless entry, particularly after the departure of the Defendant to the hospital. In addition, the officers who testified at the hearing (John Marsh, a former Master Sergeant with the Mississippi Highway Patrol, and Lance Humphries, current Sheriff and former Chief Deputy Sheriff of Yalobusha County) were unable to identify the home in which the subject lockbox was reportedly discovered. During questioning, both officers misidentified the Defendant's home and instead testified that the lockbox was found in a search of the Defendant's mother's home at 374 Redbud Street (Exhibit D-4).

      Given these events and the government's failure to establish that exigent circumstances existed, the court finds that the officers' search of the residence, which revealed the security box, was not justified as a warrantless search or protective sweep. Firearms were not reported as being potentially present at the subject residence and the subject fight was reported as having taken place outdoors rather than inside the home; upon the officers' arrival, the fight was over, the other fight participant was accounted for, and the Defendant willingly came out of his home and accompanied

officers to the hospital. Thus, the court finds that exigent circumstances were not present, the officers' warrantless entry into the home was not justified, and the Defendant's motion to suppress evidence is granted.

A separate order in accordance with this opinion shall issue this day.

This the 14th day of November 2007.

/s/ Glen H. Davidson
Senior Judge